# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| RUSSELL C. WIDMAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05-0599-CV-W-DW |
| | ) |
| THE CITY OF KANSAS CITY, | ) |
| MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant Wayne Cauthen's motion to dismiss Counts IV, V, VI, VII and VIII[1] (Doc. 36). Cauthen seeks dismissal with prejudice stating that these claims fail to statue a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Plaintiff filed suggestions in opposition (Doc. 47) and Cauthen filed a reply (Doc. 51). For following reasons, the motion is granted.

I.   Standard of Decision

In considering a Rule 12(b)(6) motion, the Court must accept the factual allegations contained in the complaint as true and construe them in the light most favorable to the plaintiff. Botz v. Omni Air Int'l, 286 F.3d 488, 489 (8th Cir. 2002); Russell v. Men's Wearhouse, Inc., 170 F.3d 1156, 1157 (8th Cir. 1999). A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Hishon v. King & Spalding, 467 U.S. 69, 71 (1984); Knapp v. Hanson,

---

[1] In his motion, Defendant mistakenly labels Count VI as being brought under the Missouri Human Rights Act (MHRA) and Count VIII as being brought under Title VI. In any case, this mistake does not affect the resolution of the motion, however, the Court will refer to the claims as they appear in the Amended Complaint (Doc. 32).

183 F.3d 786, 788 (8th Cir. 1999). At the very least, the complaint must contain facts which state a claim as a matter of law and must not be conclusory. Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995).

  II.  Counts IV and V: Individual Liability Under Title VII and the ADEA

The Eighth Circuit has "squarely held that supervisors may not be held individually liable under Title VII." Bonomolo-Hagen v. Clay Central-Every Comm. Sch. Dist., 121 F.3d 446, 447 (8th Cir. 1998) (stating "Spencer establishes the law of our circuit."); See also Bales v. Wal-Mart Stores, Inc., 143 F.3d 1103, 1111 (8th Cir. 1998); Spencer v. Ripley Cty. State Bank, 123 F.3d 690, 691-92 (8th Cir. 1997). The ADEA definition of "employer" is essentially identical to Title VII and therefore the same scope of liability applies under both statutes. See 42 U.S.C. § 2000e(b); 29 U.S.C. § 630(b).

Plaintiff relies on Burrell v. Truman Medical Center, Inc. for the proposition that individuals may be held liable if they are "statutory agents." 721 F. Supp. 230, 232 (W.D. Mo. 1989). The Burrell court defined an "agent for the purposes of 42 U.S.C. § 2000e(b)" as a "supervisory or managerial employee of a Title VII employer, to whom the responsibility for making some employment decisions has been delegated." Id. (internal quotations and citations omitted). Under this definition supervisors and managers would regularly be exposed to individual liability. Not only does Burrell predate the Spencer line of cases, it is also inconsistent with the express statutory limitation of liability to employers with 15 or more employees. 42 U.S.C.A. § 2000e(b). Many courts have concluded from this limitation that Congress did not want to burden small entities with the costs associated with litigating discrimination claims. See EEOC v. AIC Sec. Investigations, Ltd., 55 F.3d 1276, 1281 (7th Cir. 1995) (collecting cases). One such Court noted that "[i]f

2

Congress decided to protect small entities with limited resources from liability, it is inconceivable that Congress intended to allow civil liability to run against individual employees." Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587 (9th Cir. 1994).  This Court agrees with the reasoning of these cases and finds no basis to conclude from the statutory scheme that Congress intended to exempt small employers but impose liability on individual employees.

Rather than adopt Plaintiff's interpretation of "agent" in § 2000e(b), the Court favors the construction employed by various federal circuits finding that the "and any agent" language in the definition of "employer" was to ensure that courts would impose *respondeat superior* liability upon employers for the acts of their agents.  See, e.g., Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510 (4th Cir. 1994).  In other words, though Congress defines "employer" to include "any agent," 42 U.S.C.A. § 2000(e)(b), this provision does not impose individual liability but only holds the employer accountable for the acts of its individual agents.

For the foregoing reasons, the Court finds that binding Eighth Circuit law precludes individual liability under Title VII and the ADEA and Counts IV and V fail to state a claim against Defendant Cauthen.

> III. Count VI: Individual Liability Under Title VI

Title VI prohibits race discrimination in programs or activities receiving federal funding.  42 U.S.C. § 2000d.[2]  Although the Eighth Circuit has not addressed individual liability under Title VI, the few courts that have considered the question conclude that it is limited to the "recipient" of the funds.  See, e.g., Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1170 (11th Cir. 2003).  Plaintiff

---

[2] Title VI provides in relevant part: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.

3

has alleged that the City of Kansas City was the recipient of federal funds, not Cauthen. Accordingly, Count VI fails to state a claim against Defendant Cauthen.

    IV.    <u>Counts VII & VIII: Individual Liability Under the Missouri Human Rights Act</u>

The Missouri Supreme Court has not addressed whether a supervisor, manager or other employee may constitute an employer and, therefore, be subject to individual liability under the MHRA. However, the Eighth Circuit has directly confronted the issue and predicted that the Missouri Supreme Court would hold that the MHRA does not subject employees to individual liability. <u>Lenhardt v. Basic Institute of Technology, Inc.</u>, 55 F.3d 377, 379-80 (8th Cir. 1995). The Eighth Circuit determined that the Missouri Supreme Court would interpret the MHRA in a manner consistent with analogous federal decisions regarding employment discrimination laws. <u>Id.</u>

Plaintiff contends that <u>Lenhardt</u> is merely a prediction and that the Court need not follow its holding. Plaintiff supports this argument by suggesting that <u>Lenhardt</u> has been criticized by decisions in this district. <u>See</u> <u>Wesley v. OCE Business Serv.,</u> Inc., 2005 WL 998624 (W.D. Mo. 2005); <u>Garrett v. Ball Metal Beverage Container Corp.</u>, 2005 WL 465427 (W.D. Mo. 2005); <u>Hill v. Ford</u>, 324 F. Supp. 1028 (E.D. Mo. 2004); <u>Shortey v. U.S. Bank et al.</u>, No. 03-0530-CV-W-SWH (W.D. Mo. Dec. 5, 2003). A superficial review of these cases appears to support Plaintiff's position. However, these cases are distinguishable in that each applied <u>Lenhardt</u> in the context of a motion to remand on the ground that a defendant was fraudulently joined. Under the standard of decision applicable in that context, <u>Lenhardt</u>'s "predictive" aspect takes on increased importance.[3] In

---

[3] The fraudulent joinder standard—whether there is a "colorable" cause of action or whether the state *might* impose liability on the defendant—is an easier burden to satisfy. Where the Missouri Supreme Court has not addressed a particular issue, coupled with instances where it has decided issues in variance with Eighth Circuit's "predictions," a court could determine that plaintiff has satisfied this relaxed burden.

4

contrast, here, in the context of a motion to dismiss, <u>Lenhardt</u> is binding on this Court and Plaintiff's argument is without merit. Accordingly, the Counts VI and VII fail to state a claim against Defendant Cauthen.

V.    <u>CONCLUSION</u>

For the foregoing reasons, Defendant Cauthen's motion to dismiss is GRANTED. Counts IV, V, VI, VII, and VIII against Defendant Cauthen are hereby DISMISSED *with prejudice*.

IT IS SO ORDERED.


Date:  <u>March 20, 2006</u>                                      /s/ DEAN WHIPPLE
                                                                                     Dean Whipple
                                                                       United States District Court